UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Fantasy House, Inc.,

        Plaintiff,

v.

Fantasysrus2, LLC.,

                            Civil Case No._____

        Defendant.

---

## COMPLAINT

Comes now the Plaintiff Fantasy House, Inc., (hereinafter "Fantasy House" or "Plaintiff") as and for its Complaint against Defendant Fantasysrus2, LLC. (hereinafter "Defendant") states and alleges as follows.

## THE PARTIES

1. Plaintiff Fantasy House is a Minnesota Corporation with its principal place of business in Minneapolis, Minnesota.

2. Upon information and belief Defendant is a North Dakota Limited Liability Company with its registered principal executive offices at 541 15th St. N. Fargo, North Dakota 58102-4290.

## JURISDICTION AND VENUE

3. The claims alleged herein arise under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and supplemental Minnesota State Law.

4. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant under Minn. Stat. § 543.19. Defendant has two retail locations in Minnesota. On information and belief Defendant has conducted its infringing activities within the state of Minnesota.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(a).

## GENERAL ALLEGATIONS

7. Fantasy House realleges and incorporates as if set fully forth herein the allegations set forth in ¶¶ 1-6.

8. Fantasy House is a retailer of novelty items for adult use.

9. Fantasy House has operated under the name "Fantasy Gifts" since 1993.

10. Fantasy House secured a registered trademark for "FANTASY GIFTS" on April 2nd, 2002, registration number 2,554,890. This registration is valid. Fantasy House's FANTASY GIFTS® mark is used in connection with computerized on-line ordering services and retail specialty store services in the field of products that are primarily of a sexual nature for adult use. A copy of the registration is included as Exhibit A.

11. Defendant operates one retail location in Fargo, North Dakota operating under the mark FANTASYS, one retail location in East Grand Forks, Minnesota operating under the name FANTASYS and one retail location in Ramsey, Minnesota operating under the name FANTASYS. All of these retail locations sell primarily novelty items for adult use.

12. Defendant also has a website which prominently uses the mark FANTASYS where buyers may order products that are primarily novelty items for adult use.

13. Defendant's FANTASYS mark is a very slight variation of Plaintiff's FANATSY GIFTS® mark.

14. Defendant's FANTASYS mark is presented in a nearly identical font to that used by Plaintiff in its FANTASY GIFTS® mark.

15. Defendant uses the infringing FANTASYS mark on its store fronts, advertising and online retail site and in other marketing channels, indicating to the average consumer that Defendant's products and services are associated with or otherwise emanate from Fantasy House. Included as Exhibit B is a screen shot showing Defendant's store signage and FANTASYS mark taken from the Facebook account of the putative owner of Defendant.

16. Fantasy House customers have indicated that they believe Defendant's retail locations to be owned and controlled by Fantasy House, accordingly there is actual confusion in the marketplace.

17. Defendant has continued its infringing use the FANTASYS mark despite actual and constructive knowledge of Plaintiff's FANTASY GIFTS® mark and registration of that mark.

18. Defendant has continued its infringing use of the FANTASYS mark despite Plaintiff's demand that it cease and desist use of the FANTASYS mark.

19. Defendant's prominent use of the FANTASYS in its retail locations and on the world wide web can only be explained by an intention to wrongfully profit from and trade off of Plaintiff's valuable good will and reputation in the FANTASY GIFTS® mark.

## FIRST CLAIM FOR TRADEMARK INFRINGEMENT

20. Fantasy House realleges and incorporates as if set fully forth herein the allegations set forth in ¶¶ 1-19.

21.     Fantasy House owns a valid federally registered trademark, registration number 2,554,890.

22.     Fantasy House's registration constitutes *prima facie* evidence of the validity of Fantasy House's trademark rights and of Fantasy House's exclusive right to use the FANTASY GIFTS® mark in commerce.

23.     Defendant's unauthorized use of the term FANTASYS as a trademark in connection with its sale of novelty items for adult use is likely to cause confusion or mistake as to the source, affiliation, connection, or association of Defendant's items and Plaintiff's; or as to the origin, sponsorship, or approval of Defendant's adult novelty products. Defendant's conduct constitutes trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

24.     By reason of Defendant's acts as alleged above, Fantasy House has suffered and will continue to suffer monetary damages and irreparable harm to the value and goodwill of Plaintiff's FANTASY GIFTS® mark, as well as irreparable harm to Fantasy House's business, goodwill, and reputation. Plaintiff has no adequate remedy at law because damage to Plaintiff's goodwill and reputation are continuing and difficult to ascertain.

25.     Defendant's continued use of the FANTASYS mark is deliberate, willful, fraudulent, and constitutes a knowing infringement of the FANTASY GIFTS® mark.

## SECOND CLAIM FOR TRADEMARK DILUTION

26.     Fantasy House realleges and incorporates as if set fully forth herein the allegations set forth in ¶¶ 1-25.

26.     Due to Plaintiff's long-standing, extensive, widespread, and exclusive use of the FANTASY GIFTS® mark, coupled with advertising and promoting the FANTASY GIFTS® mark nationwide, Plaintiff's FANTASY GIFTS® mark has become famous.

27. The similarity between Fantasy House's famous FANTASY GIFTS® mark and Defendant's use of the confusingly similar name FANTASYS in commerce creates a strong association between the two in the minds of consumers.

28. Defendant's use of FANTASYS in connection with the sale of novelty items for adult use is causing and is likely to cause dilution of Fantasy House's famous FANTASY GIFTS® mark, in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(c).

29. By reason of Defendant's acts as alleged above, Fantasy House has suffered and will continue to suffer monetary damages and irreparable harm to the value and goodwill of Plaintiff's FANTASY GIFTS® mark, as well as irreparable harm to Fantasy House's business, goodwill, and reputation. Plaintiff has no adequate remedy at law because damage to Plaintiff's goodwill and reputation are continuing and difficult to ascertain.

30. Defendant's continued use of the FANTASYS is deliberate, willful, fraudulent, and constitutes a knowing dilution of Plaintiff's FANTASY GIFTS® mark.

### THIRD CLAIM FOR FALSE DESIGNATION OF ORIGIN

31. Plaintiff realleges and incorporates as if set fully forth herein the allegations set forth in ¶¶ 1-30.

32. Plaintiff's FANTASY GIFTS® mark is inherently distinctive or has acquired distinctiveness among the relevant trade and public as identifying Plaintiff's items and services.

33. Defendant's use of FANTASYS in connection with the sale of novelty items for adult use is likely to cause confusion, mistake, or to deceive consumers as to the affiliation, connection, association of Defendant's FANTASYS novelty products for adult use and Plaintiff's; or as to the origin, sponsorship, or approval of Defendant's FANTASYS items by Plaintiff.

34. Defendant's use of FANTASYS in connection with its novelty products for adult use constitutes trademark infringement, unfair competition, and false designation of origin in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a).

35. By reason of Defendant's acts as alleged above, Fantasy House has suffered and will continue to suffer monetary damages and irreparable harm to the value and goodwill of Plaintiff's FANTASY GIFTS® mark, as well as irreparable harm to Fantasy House's business, goodwill, and reputation. Plaintiff has no adequate remedy at law because damage to Plaintiff's goodwill and reputation are continuing and difficult to ascertain.

36. Defendant's continued use of the FANTASYS is deliberate, willful, fraudulent, and constitutes a knowing infringement of Plaintiff's FANTASY GIFTS® mark.

## FOURTH CLAIM FOR VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT

37. Plaintiff realleges and incorporates as if set fully forth herein the allegations set forth in ¶¶ 1-36.

38. Defendant's use of the FANTASYS mark constitutes deceptive trade practices in violation of Minn. Stat. § 325D.44 sub. 1-3.

39. In the course of conducting its business, Defendant is knowingly causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association with, or certification by, Fantasy House.

40. Defendant is also knowingly causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

41.   Defendant's deceptive trade practices have had and will continue to have a significant negative impact on the public as actual and potential consumers of Fantasy House products and services.

42.   Defendant's deceptive trade practices have caused and continue to cause monetary damage to Fantasy House, as recoverable under Minn. Stat. § 325D.45.

43.   Defendant's deceptive trade practices have caused and continue to cause irreparable injury to the value of Plaintiff's FANTASY GIFTS® mark, as well as irreparable injury to Fantasy House, accordingly Fantasy House is entitled to injunctive relief under Minn. Stat. § 325D.45.

44.   Because of Defendant's deceptive trade practices Plaintiff is entitled to recover costs and attorney fees under Minn. Stat. § 325D.45.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fantasy House prays that the Court enter judgment in its favor and against Defendant, as follows:

(A) Granting temporary, preliminary, and permanent injunctive relief enjoining Defendant and each of its affiliates, subsidiaries, officers, directors, agents, servants, and employees, and all others aiding, abetting, or acting in concert therewith, from:

    (i) using the mark FANTASYS, FANTASY, or any other mark confusingly similar thereto (including, but not limited to, FANTASY GIFTS), in connection with the promotion of its novelty products for adult use, services, or offer of sale of other items;

    (ii) otherwise competing unfairly or committing any acts likely to confuse the public into believing that Defendant or any of Defendant's products are associated, affiliated or sponsored by Fantasy House or are authorized by Fantasy House, in whole or in part, in any way;

    (B) Ordering that Defendant account for and pay to Fantasy House any and all profits Defendant has received by its conduct alleged herein;

    (C) Awarding to Fantasy House any and all damages and losses suffered by Fantasy House as a result of Defendant's conduct as set forth herein, and treble such damages as provided by law;

    (D) Awarding to Fantasy House the costs of this action and its reasonable attorneys' fee and expenses.

    (E) Awarding to Fantasy House pre-judgment and post-judgment interest on all damages recovered by or awarded to it;

    (F) Granting such other and further relief as the Court deems equitable and appropriate.

Dated: November 18, 2013        By:  /s/ Frank S. Farrell

                **F.S. FARRELL, LLC**
                Frank S. Farrell (MN #28447)
                Alexander J. Farrell (MN #390202)
                7401 Metro Blvd, suite 425
                Edina, MN  55439
                Telephone: (952) 921-3260
                frank@fsfarrell.com
                alexander@fsfarrell.com

                **ATTORNEYS FOR PLAINTIFF**
                **FANTASY HOUSE**